## WINSLOW et v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13797.  Decided May 31, 1934

W. E. Minshall, Cleveland, John H. Orgill, Cleveland, L. W. Wickham, Cleveland, and Milton B. Schweid, Cleveland, for plaintiffs in error.

Frank T. Cullitan, Cleveland, and Henry S. Brainard, for defendant in error.

HAMILTON, PJ, and ROSS, J, (1st Dist), and WILLIAMS, J, (6th Dist) sitting.

## OPINION

By ROSS, J.

It is apparent from the reading of the record that Winslow was a mere bookkeeper, dignified with the title of Auditor, that at the time charged in the indictment, he was wholly ignorant of the fraud and criminal intent possessed by Smith. On the other hand, it is just as apparent that Smith wilfully directed the misappropriation of the funds held by his nominee Winslow, that he knew at the time that he was embezzling such funds and intended to do so. Winslow was a mere figurehead, and while he may be charged with a civil liability for failing to properly guard the funds entrusted to him as trustee for the Bank, there is a complete failure of proof that at the time charged in the indictment he possessed any criminal intent to appropriate the funds of which he was custodian or trustee. Smith gave him his orders to draw the debit memoranda. He complied with these orders, and evidently felt he had no other alternative. There is nothing to show that at the time he followed out his

instructions from the man who put him in his position as trustee he had any reason to believe that the funds covered by the memoranda were not to be used for the benefit of the Bank. That he later may have been advised that a fraud had been perpetrated is wholly immaterial. He must have possessed at the time he parted with the funds under his control an intention to appropriate them to a use other than one for the benefit of his beneficiary. Evidence of such intent is wholly lacking.

The evidence against Smith on all elements of the charge against him showing his guilt is overwhelming. Had these men been tried separately, the court would have undoubtedly made a different finding.

It is our conclusion therefore that the plaintiff in error Winslow must be discharged.

The judgment against Smith is affirmed.

HAMILTON, PJ, and WILLIAMS, J, concur.